**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

SHANNON LAPORTE, et al,
   Plaintiffs,

v.

ROBERT GORDON, et al
   Defendants

                                         /

Case No.: 20-cv-10089
Honorable Thomas L. Ludington

**MOTION**

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

CHRISTOPHER L. KERR (P57131)
AARON W. LEVIN (P81310)
Assistant Attorneys General
Michigan Dept of Attorney General
Corporate Oversight Division
Attorneys for Defendants
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632
kerrc2@michigan.gov
levina@michigan.gov

**PLAINTIFFS' MOTION TO EXCLUDE
EXHIBITS PURSUANT TO RULE 12(d)**

NOW COMES Plaintiffs, by counsel, and moves to "exclude" the offending exhibits attached to Defendants' motions to dismiss (ECF No. 23) filed by Defendants pursuant to FRCP 12(b)(6). The exhibits were attached in violation of the applicable Sixth Circuit precedent. Because the Federal Rules of Civil Procedure are silent as to what remedy this Court is apply for violating that obligation other than to "exclude", this motion is captioned as

one to "exclude" premised on the language of Rule 12(d). If, however, other relief is more appropriate under the Court's discretion, that alternative relief is requested as well.

The undersigned certifies that he has conferred with counsel for Defendants and the sought concurrence on this relief but the same was not provided. E.D. Mich. LR 7.1(a).

**QUESTION PRESENTED**

Should the unauthenticated exhibits and website printouts attached to Defendants' motion to dismiss be "excluded" pursuant to Rule 12(d) of the Federal Rules of Civil Procedure?

Answer:
Yes

## MOST RELEVANT AUTHORITY

FRCP 12(d)

## BRIEF IN SUPPORT

Traditionally, assessment of the facial sufficiency of the complaint under Rule 12(b)(6) must ordinarily be undertaken *without* resorting to materials outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). A Rule 12(b)(6) motion allows a court to "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3rd Cir. 2014). This makes sense because the Court is not looking to adjudicate facts but instead must accept the allegations in the complaint as true "even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Circuits of the federal judiciary have eased on that rule slightly in recent years. For example, the Third Circuit explained that "an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt,* 770 F.3d at 249 (emphasis added). However, an exception cannot shallow the whole. Yet, the line of permissiveness is not so clear. In *Schmidt*, the Third Circuit explained the attaching postings on websites and press releases (which is essentially what the website printouts are) "is inconsistent with the rationale

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

-1-

of the integral documents exception." *Id.* at 250. In other words, unauthenticated exhibits and website printouts are improper.

The Sixth Circuit has similarly allowed for the "integral documents" exception in Rule 12(b)(6) motions—

> When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss *so long as they* [i.e. the exhibits themselves] *are* [1.] *referred to in the Complaint and* [2.] *are central to the claims contained therein*.

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) (emphasis added). Here, the exhibits attached by Defendants meet neither prong. Moreover, they are not "integral"—like a contract for a breach of contract claim—to the constitutional claims brought in this case.

The answer to this question is not merely academic on Plaintiffs' part. If a Rule 12(b)(6) allows a defendant to attach new documents and new facts outside the pleadings, what must a non-moving party (i.e. Plaintiffs) supply to respond to those submissions, at this pre-discovery stage, if not limited to the pleadings? Plaintiffs are under the same limitation as Defendants are— the *allegations* in the Complaint are viewed in the light most favorable to Plaintiffs. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The simplest answer would be strike or exclude them as improperly submitted.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

A common response to this argument is that the Court can convert a Rule 12(b)(6) into a Rule 56 motion. The Rule reads, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FRCP 12(d). However, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* In other words, the Court must give notice that a moving party's motion *to dismiss* under Rule 12 is being treated as a motion *for summary judgment* under Rule 56.

That is critical for a plaintiff to be clear about because summary judgment is ordinarily inappropriate before discovery is complete. While Federal Rule of Civil Procedure 56 allows a party to move for summary judgment before discovery is complete, such a motion is successful "only in the rarest of cases" because "the nonmoving party must have had the opportunity to discover information that is essential to its opposition to the motion for summary judgment." *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F.Supp.3d 474, 492-493 (S.D.N.Y. 2015); see also *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir. 1992) ("summary judgment should not ordinarily be granted before discovery has been completed"). After all, "[a] motion to dismiss typically occurs early in the course of litigation, well before

-3-

discovery has been completed," but "[i]n contrast, a motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery." *Tucker v. Union of Needletrades, Indus. and Textile Employees*, 407 F.3d 787-788 (6th Cir. 2005); see also *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) ("some discovery must be afforded the non-movant before summary judgment is granted."). This is simply a matter of judicial fairness to all parties to undercover the facts likely withheld by a legal adversary.

An excellent discussion of the problem was discussed by Judge Guilford from the Federal District Court in the Central District of California via his opinion in *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275 (C.D. Cal. 2016). *Hsu* was a securities fraud case where investors alleged a pharma-company and its executives (the "Company") were alleged to have made false or misleading statements. The Company filed a motion to dismiss pursuant to Rule 12(b)(6) in lieu of answer, just as was done in our instant case. After reciting similar standards as outlined above, Judge Guilford asked the right question: beyond the allegations in the complaint, "what else the Court can consider in its analysis of the Motion to Dismiss" vis-à-vis Rule 12(b)(6)? Naturally, the Company attached more than a dozen exhibits not attached or directly referenced in the *Hsu* complaint. Judge Guilford's well-

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

-4-

reasoned thoughts point out some problems of district courts not carefully holding defendants to their standards:

> Typically, a court can only consider what's in the complaint when it is deciding a Rule 12(b)(6) motion to dismiss a complaint…. And typically, if a court considers more than what's in the complaint, the motion gets converted into a Federal Rule of Civil Procedure 56 ("Rule 56") motion for summary judgment… This conversion can muddy the analysis for clients, counsel, and courts alike, by implicating rules and requirements that don't otherwise apply to motions to dismiss… Nowadays, it seems more and more common to come across Rule 12(b)(6) motions to dismiss filed with hundreds of pages of attachments, authenticated through attorney declarations.
>
> ***
>
> [W]ith little to lose, too many defense attorneys are tempted by the puncher's chance offered by such a motion. At worst, they lose a generally inexpensive motion. But at best, they can knock their opponent out cold, right at the beginning of round one. In this way, efforts to expand courts' consideration of extrinsic evidence at the motion to dismiss stage are consistent with other developments in the law that diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court… Such trends are particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.

*Hsu,* 213 F. Supp. 3d at 1279-1282.

Here, the attachment of exhibits by Defendants is unfair and improper as explained by *Hsu* and violates the *Bassett* standard. This Court should and must "exclude" them altogether because a Rule 12(b)(6) motion cannot be converted into a quasi-Rule 56 motion without the required notice needed to be first afforded to Plaintiffs. And a Rule 56 motion cannot be considered until there is "some" discovery under Sixth Circuit precedent. E.g. *White's*

*Landing Fisheries,* 29 F.3d at 231. The remedy is thusly that Rule 12(d) requires that such exhibits be "excluded by the court." FRCP 12(d). This Court is requested to exclude the same.[1]

As it stands right now, Plaintiffs are procedurally unsure how to respond to the improperly filed motion to dismiss made pursuant to Rule 12(b)(6) which has attached offending exhibits not allowed to be considered under *Bassett*. Is a plaintiff supposed to provide a Rule 56(d) affidavit? The motion is expressly not for summary judgment. Is a plaintiff supposed to simply ignore the violation? That is unfair because judges—as humans—find it nearly impossible to simply ignore the attachments—something in the vein of 'do not look at the one-sided elephant in the room.' What if a non-purist Court does not similarly ignore the exhibits and considers the extrajudicial papers?

The answer to this conundrum appears to exist in Rule 12(d)—

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

---

[1] A party can use a request for judicial notice. However, use of information from such outside sources is limited to only those *facts* subject to judicial notice under FRE 201, not the statements in those documents. *Freeman v. Town of Hudson*, 714 F.3d 29, 37 (1st Cir. 2013). FRE 201 allows courts to take judicial notice of "a fact," not a document, that is not subject to reasonable dispute. FRE 201(b)(1)-(2). In this case, Defendants never requested the District Court to take any judicial notice of any particular *fact*, only statements made by Defendants in those documents (which are hearsay at best).

-7-

FRCP 12(d). Thusly, this motion is labelled and presented as one to "exclude" premised on the language of said court rule.

### RELIEF REQUESTED

WHEREFORE, the Court is requested to enter an order expressly excluding the offending exhibits from consideration in resolving the Rule 12(b)(6) motion and confirm that Defendants' motion cannot be back-door converted to a Rule 56 motion at this pre-answer, pre-discovery stage of litigation.

Date: March 13, 2020

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: March 13, 2020

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com