# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SHANNON LAPORTE, et al,
    Plaintiffs,

    v.

ROBERT GORDON, et al
    Defendants

_____/

Case No.: 20-cv-10089
Honorable Thomas L. Ludington

**EMERGENCY MOTION**

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

CHRISTOPHER L. KERR (P57131)
AARON W. LEVIN (P81310)
Assistant Attorneys General
Michigan Dept of Attorney General
Corporate Oversight Division
Attorneys for Defendants
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632
kerrc2@michigan.gov
levina@michigan.gov

---

## PLAINTIFFS' EX PARTE EMERGENCY MOTION TO SET ASIDE THE SUA SPONTE EXPEDITED SCHEDULING ORDER AS AN ABUSE OF DISCRETION AND EXTEND THE DEADLINE TO FILE A RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

NOW COMES Plaintiffs, by counsel, and moves (on an emergency *ex parte* basis) to immediately set aside this Court's *sua sponte* order directing a response to the Defendants' motion to dismiss by Wednesday, March 18, 2020. The drastic and impossible deadline is an abuse of discretion and

should be vacated, and the deadline extended until a time and time following the reduction or passage of the emergency circumstances.

On January 14, 2020, Plaintiffs filed their complaint together with a motion for preliminary injunction. See **ECF Nos. 1 and 2.** Defendants were immediately emailed a copy. **Exhibit A.** Since that time, Defendants have had more than <u>two months</u> to reformulate a response, conduct deep-level analysis, and carefully analyze the issues.

In the intervening time, on February 21, 2020, Defendants filed their response to the preliminary injunction request. **ECF No. 15.** In purposely misinterpreting the requested relief, Plaintiff's motion only seeks to prevent newborn screening on Baby BO unless and until Plaintiff provides actual informed consent to Defendants to undertake the same. On February 27, 2020, Plaintiffs filed their reply. **ECF No. 15.** This was the timeline worked out by between counsel and entered by this Court. **ECF No. 8.**

On March 13, 2020, Defendants moved to dismiss the lawsuit and attached—in violation of binding precedent—24 pages of attachments. **ECF No. 23.** This made the response due April 3, 2020 and Defendants' reply due April 17, 2020.

Without consultation or prior notice, this Court *sua sponte* issued an order at 4:20pm directing that Plaintiffs were to file its response to the motion

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

to dismiss on or by Wednesday, March 18, 2020—in a mere two days. **Sua Sponte Order, ECF No. 25.** The Court did not express any legal rationale or judicial precedent why this was either required or reasonably warranted given that Plaintiffs response would have been April 3, 2020 under the normal court rules. The only justification for this extraordinary action was "[i]n the interest of resolving all pending matters promptly." *Id.* **at PageID.390.** Defendants' Rule 12(b)(6) motion—a dispositive motion—had only been pending for 1 business day. The preliminary injunction motion has been pending for 63 days (as of the date of this filing).

Moreover, the Court is acutely aware of the current emergency circumstances that exist due to the novel coronavirus (COVID-19). While the undersigned has not been infected (to date), the undersigned is the parent of a 2.5-year-old who has seen his usual daycare services fully suspended until further notice. The undersigned's wife is a college administrator at Saginaw Valley State University, which also finds itself under an extreme emergency status, that requires her attention as a member of administration. See https://www.svsu.edu/coronavirus/. Schedules are messy, complicated, and highly uncertain. This Court's own chief justice has drastically shuttered or reduced this court's operations. **Exhibit B**. The Governor has declared a state of emergency and expanded restrictions with additional orders. **Exhibit**

**C**. External circumstances makes this week an extraordinary—not a lackadaisical—one.

Despite all this (some known to this Court, some not), this Court self-issued an order requiring a Herculean response to a business day old motion—filed with the maximum number of briefing pages (see E.D. Mich. LR 7.1). With all due respect, such an imposed requirement is unjust, arbitrary, and grossly unfair to both the undersigned counsel and Plaintiffs. Plaintiffs will be highly prejudiced by not having the full time to carefully prepare, draft, and file a response to a pending motion on an issue of first impression when this Court very same court has previously issued monetary sanctioned against Plaintiff, which were fortunately rendered moot by the Sixth Circuit's appellate decision. **Exhibit E**; *Kanuszewski v. MDHHS*, 927 F.3d 396 (6th Cir. 2019).

In addition, the undersigned has oral argument on an appeal scheduled before the St Clair County Circuit Court at 8:30a.m. on Wednesday, May 18, 2020 (in Port Huron, Michigan, i.e. a four hour round trip from Plaintiffs' office to the courthouse) regarding a property rights case that—for an ungodly unknown reason—has not been adjourned by the state court. It is hoped that the particular state court judicial officer will allow oral

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

arguments by telephone but even if it will, it still requires proper and sufficient preparation on Tuesday, May 17, 2020.

The bottom line is this. This order is arbitrary, unfair, and grossly prejudicial, and must set aside as a clear abuse of discretion in these circumstances.  While is certainly true that trial court has the authority to tightly control its docket, *United States v. Wirsing*, 719 F.2d 859, 866 (6th Cir. 1983), it must be exercised against the "economy of time and effort" not only for "itself" but also "for counsel[] and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An abuse of discretion occurs upon a "definite and firm conviction that the court committed a clear error of judgment." *In re MJ Waterman & Associates, Inc.*, 227 F.3d 604, 606 (6th Cir. 2000). That has occurred here. Needlessly overloading Plaintiffs and their counsel with only the minimal amount of time due to the effects of the corona virus, the personal obligations of Plaintiffs' counsel in light of the public health emergency, the professional schedule of other matters which have been adjourned in a state of emergency, and the lack of consultation prior to issuing said order wherein this Court could have factored in the same constitutes a clear error of judgment.

As such, this Court is requested—the deepest and strongest terms possible—to vacate its *sua sponte* order for expeditated briefing and return

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

this matter to is regular briefing track and instead only decide the pending motion for a preliminary injunction and other related motions.[1] Plaintiffs do not want to be sanctioned again for unclear or undeveloped arguments has her counsel was accused of advancing before.

**RELIEF REQUESTED**

WHEREFORE, the Court is requested, an emergency *ex parte* basis, to vacate this Court briefing order and either return the deadlines back to its usual regular briefing track or grant additional time to file the response to the Rule 12(b)(6) motion. Given the late hour this motion is filed, consent could not be obtained before this motion was submitted assuming that Defendants' counsel have not been ordered to work from home due to the pandemic infecting this State and the Country. See E.D. Mich. LR 7.1(a).

Date: March 16, 2020                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

---

[1] Should the Court deny the pending motion for preliminary injunction, Plaintiffs will seek an emergency appeal to the US Court of Appeals for the Sixth Circuit and the Court may enter a stay pending that outcome of that process.

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: March 16, 2020

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com