UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ADAM KANUSZEWSKI, et al., | Case No. 18-10472 |
| Plaintiffs, | Hon. Thomas L. Ludington |
| v. | Magistrate Judge Patricia T. Morris Case |
| | |
| MICHIGAN DEPARTMENT OF | |
| HEALTH AND HUMAN SERVICES, | |
| Et al., | |
| Defendants. | |
| | |
| SHANNON LAPORTE, et al., | |
| Plaintiffs, | |
| | |
| v. | |
| | |
| ROBERT GORDON, DR. | No. 20-10089 |
| SANDIP SHAH, DR. SARAH | Hon. Thomas L. Ludington |
| LYON-CALLO, MARY | Magistrate Judge Patricia T. Morris |
| KLEYN, AND MARY SEETERLIN, | |
| in their official capacities, | |
| Defendants. | |

**ORDER CONSOLIDATING LAPORTE V. GORDON WITH KANUSZEWSKI V. MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES**

On January 14, 2020, Plaintiff, Shannon LaPorte on behalf of herself and as parent-guardian of her unborn child, B.O., filed a complaint against officials from the Michigan Department of Health and Human Services ("MDHHS") in their official capacities. ECF No. 1. The complaint alleges four counts – Count I alleges that MCL § 333.5431(2) violates the Fourth Amendment, Count III alleges MCL § 333.5431(2) violates the Fourteenth Amendment, Count II alleges the extraction and testing of blood spots of newborns through an MDHHS program violates the Fourth Amendment, and Count IV alleges that medical testing of the blood spots without

informed consent violates the Fourteenth Amendment.[1] *Id.* An amended complaint added a Count V alleging a Fourth Amendment violation based on warrantless post-extraction testing. ECF No. 32 at PageID.485. Plaintiffs seek injunctive and declaratory relief, as well as attorney fees. ECF No. 1 at PageID.19.

The case was originally assigned to Judge Roberts. Plaintiff LaPorte identified the case as a potential companion case to *Kanuszewski v. Michigan Department of Health and Human Services* when she filed the case. ECF No. 1. Local Rule 83.11(b)(7) explains companion cases are cases where "substantially similar evidence will be offered at trial," "the same or related parties are present and the cases arise out of the same transaction or occurrence," or "they are Social Security cases filed by the same claimant." The first two factors are met regarding *LaPorte* and *Kanuszewski*. Therefore, *LaPorte* was determined to be a companion case and reassigned to this Court. ECF No. 4.

On the same day the complaint was filed, Plaintiffs also filed a motion for preliminary injunction. ECF No. 3. On March 24, 2020, Plaintiffs' motion was denied. ECF No. 29. Plaintiffs have since filed a notice of interlocutory appeal. ECF No. 30.

On February 8, 2018, Plaintiff LaPorte, along with Adam and Ashley Kanuszewski, and Lynnette Wiegand, individually and as parent-guardians of their minor children, filed suit against the Michigan Department of Health and Human Services, Nick Lyon[2] (the then-Director of MDHHS), the Dr. Sandip Shah (Director of the Bureau of Laboratories), Dr. Sarah Lyon-Callo (state epidemiologist), Mary Kleyn (Manager of the Newborn Screening Section), Michigan Neonatal Biobank, Inc., and Dr. Antonio Yancey (Director of the Michigan Neonatal Biobank).

---

[1] Plaintiffs do not clearly differentiate between the alleged violations of the parent and child's rights.
[2] He has now been succeeded by Robert Gordon. ECF No. 100.

ECF No. 3 in 18-10472. The complaint alleged Defendants violated Plaintiffs' Fourteenth Amendment (substantive due process rights) by extracting and storing blood spots without sufficient consent (Counts I and II), violated Plaintiffs' Fourth Amendment rights by extracting and testing the blood spots (Count III), and violated Plaintiffs' Fourth Amendment rights by indefinitely storing blood spots (Count IV). ECF No. 26 in 18-10472.

## I.

In *Kanuszewski*, this Court denied Plaintiffs' case on the merits. ECF No. 50. The Sixth Circuit affirmed in part (primarily on standing grounds) and reversed in part (regarding damages for ongoing storage of the blood spots). ECF No. 78. In part, the Sixth Circuit found that Plaintiffs could not seek injunctive or declaratory relief regarding the collection of the blood sample because it was a past harm. *Id.* Plaintiff LaPorte explains in the *LaPorte* complaint that she is now pregnant with her third child, referred to as B.O., who is due to be born at the end of April/beginning of May 2020. ECF No. 1 at PageID.5. Accordingly, in *LaPorte v. Gordon* she now seeks the injunctive and declaratory relief denied to her in *Kanuszewski* due to lack of standing.

On February 14, 2020 this Court directed Plaintiffs to show cause why this case, *LaPorte v. Gordon*, should not be consolidated with *Kanuszewski v. Mich. Dep't of Health & Human Serv*. *See* ECF Nos. 11, 12, 17.

## II.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). If a case "involve[s] some common issues but

individual issues predominate, consolidation should be denied." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 572 (E.D. Mich. 2011). District Courts "may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The Sixth Circuit has outlined factors for the court to consider before consolidating cases:

> Whether the specific risks of prejudice and possible confusion [of consolidating multiple cases] are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Plaintiff LaPorte on behalf of herself and B.O. argues the Court should not consolidate the two cases. She differentiates between the initial blood draw and testing of the blood from the transfer of blood spots to the Michigan Neonatal Biobank and their storage and use for medical research. ECF No. 12 at PageID.92-93. She explains that part two (the storage and medical research of the blood spots) is being challenged in *Kanuszewski* and that part one (the blood draw and testing) is being challenged in *LaPorte*. *Id.* at PageID.94. Therefore because "the issues and facts in dispute in Laporte are not part of the same case or controversy or derive from a common nucleus of operative facts in Kanuszewski. [They are] [d]ifferent case[s], different facts, and different timelines." *Id.*

Defendants offer that "[h]ad the Court not issued the order to show cause, Defendants would have filed a motion to consolidate in earnest." ECF No. 17 at PageID.207. Defendants explain that

> [b]oth cases raise constitutional challenges under the Fourth and Fourteenth Amendment to Michigan's NBS program . . . both seek declaratory and injunctive relief against defendants named in their official capacities. The allegations and

> arguments raised in LaPorte mirror those raised in Kanuszewski and, as will become clear when Defendants begin to offer proofs, the alleged distinctions between 'part 1' (the initial heel stick and screening) and 'part 2' (retention) of the NBS program are not as discrete as the plaintiffs allege."
> *Id.* at PageID.208-209.

Here, there are minimal risks of prejudice and possible confusion if the cases are consolidated. The Defendants are the same in both cases, with the exception for the inclusion of the Michigan Department of Health and Human Services, Dr. Yancey and Michigan BioBank in *Kanuszewski* and the addition of Mary Seeterlin, in *LaPorte*. Plaintiff LaPorte is a plaintiff in *Kanuszewski*.

Both cases include claims regarding the substantive due process rights and Fourth Amendment rights of Plaintiffs regarding either the initial extraction and testing or the ongoing storage of the blood spots. The remaining claims in *Kanuszewski* are the parents' substantive due process rights as to the storage of the blood spots and the children's Fourth Amendment rights as to the ongoing storage of the blood spots. In *LaPorte* Plaintiffs allege the initial extraction violates the Fourth Amendment and the medical testing of the blood spots violates their substantive due process rights. Even though the details of the claims are different (initial extraction in *LaPorte* versus storage in *Kanuszewski*), the underlying program and statute authorizing the program, MCL 333.5431(2), is the same for all claims. Also, the fact development of the two cases will be nearly identical or at a minimum, will be complementary and knowledge of the program as to the initial extraction will shed light on the storage portion, and vice versa. There would be an unnecessary burden on parties, witnesses, and judicial resources if the claims were not consolidated. Defendants correctly frame the cases as two parts of the same question. With sufficient commonalities in law and fact between the two cases, *Kanuszewski* and *LaPorte* will be consolidated.

### III.

Accordingly, **IT IS ORDERED** that case number 20-10089 is **CONSOLIDATED** with case number 18-10472 for all purposes, including trial.

It is further **ORDERED** that all subsequent papers filed after the date of this order shall be entered on civil case number 18-10472.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to file the following pending motions from case 20-10089 to the docket in case 18-10472 with the exact filing dates: ECF No. 10 – Motion to Strike Jury Demand filed on 2/14/2020; ECF No. 38 – Motion to Dismiss First Amended Complaint filed on 4/17/2020; and ECF No. 39 – Motion to Exclude Exhibits filed on 4/18/2020. Counsel should be aware that the current response and reply deadlines for any pending motions are unchanged.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to file the amended complaint, ECF No. 32, from case 20-10089 to the docket in case 18-10472 with the exact filing date of April 3, 2020.

It is further **ORDERED** that all parties are **DIRECTED** to meet-and-confer regarding a plan for discovery and all parties are directed to share all discovery to date with all other parties. The parties are directed to ECF No. 92 filed in civil case number 18-10472 for the scheduling order for the consolidated cases.

It is further **ORDERED** that case number 20-10089 is hereby closed for administrative purposes.

Dated: April 28, 2020                                                             s/Thomas L. Ludington

                                                                                                    THOMAS L. LUDINGTON
                                                                                                    United States District Judge